**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: February 16 2018**

_____
John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No. 16-33704 |
| ) | |
| Katina Lynn Duran, ) | Chapter 7 |
| ) | |
| Debtor. ) | Adv. Pro. No. 17-03114 |
| ) | |
| Ericka Parker, Chapter 7 Trustee ) | Judge John P. Gustafson |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Nationwide Mutual Insurance Company, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF DECISION AND ORDER RE: ABSTENTION AND REMAND**

This Adversary Proceeding came before the court for hearing on February 14, 2018 on Plaintiff-Trustee Ericka Parker's ("Plaintiff-Trustee") Motion for Remand and Abstention [Doc. #9]. Defendant Nationwide Mutual Insurance Company ("Defendant") filed a Memorandum in Opposition to Plaintiff's Motion [Doc. #12] on February 1, 2018, and Plaintiff filed a Memorandum in Support [Doc. #14] on February 8, 2018.

The court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334, 157(a), and

the general order of reference entered by the United States District Court for the Northern District of Ohio.[1]

For the following reasons, the court will permissively abstain from further hearing on this matter under 28 U.S.C. § 1334(c)(1) and will remand the case back to the Lucas County Court of Common Pleas pursuant to 28 U.S.C. § 1452(b).[2]

## FACTUAL BACKGROUND

Debtor Katina Lynn Duran filed for Chapter 7 bankruptcy on November 29, 2016. [Case No. 16-33704, Doc. #1]. The Debtor listed her potential claims against Defendant in Schedule B, in response to the question at No. 33: "Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment". [*Id.*, Doc. #1, p. 14]. Debtor's response listed: "Claim: Nationwide Insurance For Fraud/ unliquidated", with the amount listed as "unknown". [*Id.*].

An Order of Discharge was entered on March 23, 2017. [*Id.*, Doc. #32]. Because Plaintiff-Trustee anticipated that the value of the estate would exceed her estimate of the cost of administration and the payment of all timely filed claims, with interest, Plaintiff-Trustee filed a Motion for Order Regarding Surplus Funds on June 23, 2017. [*Id.*, Doc. #37]. The court granted the Motion the same day. [*Id.*, Doc. #38]. Even after the extended bar date for the filing of claims against surplus funds, it appears all creditors who filed claims will be paid in full. Per Plaintiff-Trustee's Interim Report filed on October 4, 2017, Debtor's estate only needed $13,000.00 to fully pay all bankruptcy costs and filed claims. [*Id.*, Doc. #40, pp. 1-2]. The required funds are likely to come from an inheritance from Debtor's mother, in the estimated amount of $30,000, that she became entitled to acquire within 180 days of the filing of her Chapter 7 case. *See*, 11 U.S.C. § 541(a)(5)(A). [*Id.*, Doc. #40, pp. 1-2].

On November 16, 2017, Plaintiff-Trustee filed a civil Complaint ("Complaint") on behalf of Debtor's estate in the Lucas County Court of Common Pleas, Case No. G-4801-CI-0201704851-000.[3] [Doc. #2, pp. 2-20]. In the Complaint, Plaintiff alleges eight counts against

---

1/ General Order 2012-7 of the United States District Court for the Northern District of Ohio.

2/ Though Plaintiff-Trustee also argues on behalf of mandatory abstention under 28 U.S.C. § 1334(c)(2), the court need not reach that issue given its decision to permissively abstain under 28 U.S.C. § 1334(c)(1).

3/ This was not the first Complaint filed on this matter, but it was the first one that included the Plaintiff-Trustee as a party.

Defendant: 1) Gender Discrimination, 2) Retaliation, 3) Violation of Public Policy, 4) Tortious Interference with Prospective Employment and/or Contractual Relations, 5) Fraudulent Inducement, 6) Intentional Misrepresentation, 7) Promissory Estoppel, and 8) Unjust Enrichment. [*Id.*, pp. 10-19]. The claims asserted in the Complaint are limited to causes of action under Ohio law. [*Id.*, p. 3]. The Complaint specifically states:

> 5. This action is brought under the common and statutory laws of the State of Ohio. The averments in this Complaint are intended to assert claims only under the laws of the State of Ohio. No federal claims are asserted herein. It is Plaintiff's specific intention to litigate the claims asserted herein in this Ohio State court. Therefore, should the averments in this Complaint, and/or any evidence adduced during discovery in this case, suggest or imply that Plaintiff is asserting any federal claims, Plaintiff specifically rejects such suggestion or implication, and hereby states that Plaintiff is not pursuing, and has not intended to pursue, any claim in the action under any federal law of the United States, thereby precluding the removal of this action to any federal court based upon federal question jurisdiction.

[*Id.*, pp. 2-3, ¶5].

After being served the Complaint on November 28, 2017 [Doc. #2, p. 30], Defendant filed a timely Notice of Removal with this court on December 19, 2017. [Doc. #1]. Defendant filed its Answer to the Complaint on January 8, 2018 [Doc. #6] and Plaintiff-Trustee filed a Motion for Remand and Abstention on January 18, 2018. [Doc. #9].

## LAW AND ANALYSIS

Plaintiff-Trustee argues that this court should abstain from exercising federal jurisdiction over the removed state court action and remand the case back to the state court. [Doc. #9]. Upon review of the parties' arguments to the court at the February 14 hearing, the briefs, and the relevant statutes and case law, the court will remand the case to the Lucas County Court of Common Pleas.

### I. Permissive Abstention

Section 1334(c)(1) provides that "nothing in this section prevents a district court[4] in the

---

4/ "The bankruptcy court has jurisdiction to enter an order determining a motion to abstain." 1 Collier on Bankruptcy, ¶3.05 at 3-71 (16th ed. 2017)(citing *Nickless v. Creare, Inc. (In re Haverhill Tech. Group*, 310 B.R. 478 (Bankr. D. Mass. 2004)(motions for remand are core proceedings under 28 U.S.C. § 157(a)(2)(O)); *see also*, *In re James F. Humphrey's & Assoc., L.C.*, 558 B.R. 764 (Bankr. S.D. W.V. 2016); Fed. R. Bankr. P. 5011(b) Advisory Committee's Notes. Older cases reflect final abstention orders being entered by the district courts. However, the 1991 amendments to Rule 5011 appear to have been intended to end that requirement. *See*, *Pineda v. Bank of Am. (In re Pineda)*, 2013 WL 1749554 at *12 n.10, 2013 Bankr. LEXIS 1888 at *37 n.10 (9th Cir. BAP April 23, 2013). In addition, there is no basis for federal court jurisdiction in this case other than the fact that the litigation is "related to" a bankruptcy proceeding – there is no federal question (28 U.S.C. § 1331), nor is there complete diversity (28 U.S.C. § 1332). Accordingly, for all of these reasons, it appears appropriate for this court to enter a final order on abstention and remand.

interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Otherwise known as permissive abstention, courts apply § 1334(c)(1) using "a multi-factor balancing test, not a rule in which every element must be satisfied…." *DiGirolamo v. Applegate* (*In re Applegate*), 414 B.R. 209, 216 (Bankr. N.D. Ohio 2008). Factors federal courts look to include:

> 1) the effect or lack of effect on the efficient administration of the estate if a court abstains; 2) the extent to which state law issues predominate over bankruptcy issues; 3) the difficulty or unsettled nature of the applicable state law; 4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; 5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; 7) the substance rather than form of an asserted "core" proceeding; 8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; 9) the burden of this court's docket; 10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; 11) the existence of a right to a jury trial; 12) the presence in the proceeding of nondebtor parties; and 13) any unusual or other significant factors.

*Parrett v. Bank One, N.A.* (*In re Natl. Cent. Fin. Enters., Inc., Inv. Litig.*), 323 F.Supp.2d 861, 884-85 (S.D. Ohio 2004) (quoting *Mann v. Waste Mgmt. of Ohio*, 253 B.R. 211, 214 (N.D. Ohio 2000)); *see also*, *Applegate*, 414 B.R. at 216; *Bavelis v. Doukas* (*In re Bavelis*), 453 B.R. 832, 881-82 (Bankr. S.D. Ohio 2011); *Meritage Homes Corp. v. JP Morgan Chase Bank, N.A.*, 474 B.R. 526, 573 (Bankr. S.D. Ohio 2012). Although abstention is rarely exercised, "federal courts should not be hesitant to decline to exercise jurisdiction when 'state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *Mann,* 253 B.R. at 215 (quoting *In re White Motor Credit*, 761 F.2d 270, 274 (6th Cir. 1985)); *see also*, *McDaniel v. ABN Amro Mortg. Group*, 364 B.R. 644, 650 (S.D. Ohio 2007).

The court finds that a number of the aforementioned factors weigh heavily in favor of permissive abstention, particularly factors (1), (2), (5), (6), and (11).[5] In terms of the first and

---

[5]/ The fact that some of the factors are not addressed does not mean that they are neutral or support this court retaining jurisdiction. In at least two instances, they address issues not present in this case. For example, factors 7 and 8 are not applicable because there are no "core" bankruptcy claims asserted in the Complaint. Thus, there is no need to determine if claims denominated as "core" are "really" core, nor is there any need to sever the non-existent core claims from the state law claims. The complete absence of any core bankruptcy claims supports permissive abstention.

4

sixth factors, dealing with efficient administration and the degree of "relatedness" to the bankruptcy proceeding, Debtor's bankruptcy case is nearing its end, or as Plaintiff-Trustee puts it, "is in its 12th hour." [Doc. #14, p. 5]. It appears likely that Debtor's estate will be fully funded soon, allowing the Plaintiff-Trustee to pay both administrative expenses and all creditor's claims without regard to the outcome of the removed state court action. [Doc. #14, p. 5; Case No. 16-33704, Doc. #40, pp. 1-2]. Thus, the court's decision to abstain will have very little, if any, impact "on the efficient administration of the estate" and the removed state court action is only remotely related to a main bankruptcy case that will probably be administratively closed before the lawsuit against the Defendant is concluded. *See*, *Mann*, 253 B.R. at 214.

Under the second factor of the § 1334(c)(1) balancing test, the parties do not dispute that the allegations contained in Plaintiff-Trustee's Complaint are based solely on Ohio law. [Doc. #2, p. 30]. Accordingly, state law issues not only predominate over bankruptcy issues in this case, Ohio law is the <u>only</u> basis for Plaintiff's requested relief. Moreover, the removed state court action's relationship with bankruptcy law is limited to the fact that Debtor's cause of action against Defendant is property of the bankruptcy estate while Debtor's bankruptcy case is pending. Given the evidence presented that Debtor's bankruptcy case is nearing its conclusion [Doc. #14, p. 5], the removed state court action's relationship to bankruptcy law may soon be non-existent. Consequently, this factor weighs heavily in favor of permissive abstention because "state issues substantially predominate." *Mann*, 253 B.R. at 215 (quotation omitted).

The fifth factor also supports permissive abstention. Both parties agree that the only basis for bankruptcy court jurisdiction is "related to" jurisdiction under 28 U.S.C. § 1334(b). The claims here are non-core, state law claims. *See*, *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (plurality opinion). There appears to be no other basis for jurisdiction in the federal courts, as the Complaint does not assert any claims under federal law, and Defendant does not dispute that there is no diversity of citizenship, as Nationwide is a corporation with its principal place of business in Ohio. [Doc. #6, p. 1, ¶3]. Further, although Defendant offered to waive the statement during oral argument, the Notice of Removal states that: "Nationwide does not consent to the entry of final orders or judgments by the bankruptcy court."[6] [Doc. #1, p.3, ¶12].

---

6/ It does not appear that Plaintiff-Trustee has taken a position on the question of this court entering a final

Thus, this court's jurisdictional connection with Plaintiff-Trustee's removed state court action is tenuous at best, and that fact weighs in favor of abstention. In fact, as noted by the court at the February 14 hearing, if this action were allowed to go forward in the bankruptcy court, there is a strong possibility that Debtor's bankruptcy case would come to an end before the removed state court action could be concluded. If that were to happen, this court's "related to" jurisdiction under § 1334(b) would be extinguished, and the case would have to go back to state court where it would be governed by Ohio's procedural and evidentiary rules. This forced transition from federal procedural and discovery rules, as well as pivoting from preparation for dispositive motions or trial under the Federal Rules of Evidence, is an additional reason for finding permissive abstention to be appropriate.

The eleventh factor - the existence of a right to a jury trial – also supports permissive abstention. The Plaintiff-Trustee's Complaint includes a jury trial demand. [Doc. #2, p. 20]. While bankruptcy courts can, with the written consent of the parties, conduct jury trials under Federal Rule of Bankruptcy Procedure 9015(b), Local Bankruptcy Rule 9015-1(b) suggests that the joint or separate consents should be filed "no later than the time the initial pretrial is held". Here, the initial pretrial was scheduled with the hearing on the Plaintiff-Trustee's Motion for Remand and Abstention. While Local Bankruptcy Rule 9015-1(b) does provide that the time for filing the statements of consent can be "as otherwise ordered by the Court", at present neither party has consented to this court conducting a jury trial on this matter.

In deciding a somewhat similar issue, in the context of granting relief from stay and allowing the liquidation of a claim in state court, this court noted that where the issues in pending litigation involve only state law, it has been held that the expertise of the bankruptcy court is unnecessary. *See*, *In re Rombkowski*, 2017 WL 1103527 at *3, 2017 Bankr. LEXIS 748 at *8 (Bankr. N.D. Ohio March 21, 2017) (quoting *Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345 (4th Cir. 1992)). While bankruptcy courts regularly deal with issues of state law, conducting a jury trial on state law issues appears to be in the wheelhouse of the Lucas County Court of Common Pleas, and somewhat outside the wheelhouse of this bankruptcy court.

Finally, the general principle that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed" is an additional factor favoring permissive abstention. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed.

---

judgment, or consenting to this court holding a jury trial.

1055 (1947). In the context of a venue analysis, the Sixth Circuit Court of Appeals has stated that while "a plaintiff's choice of forum should be given weight when deciding whether to grant a motion to change venue, this factor is not dispositive." *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). In contrast, where the issue was dismissal of a case based upon *forum non conveniens*, the Sixth Circuit reversed dismissal of a complaint based upon the district court failing to "apply the deference required for a forum choice made by a U.S. plaintiff…". *Duha v. Agrium, Inc.*, 448 F.3d 867, 873 (6th Cir. 2006). While the exact parameters of the deference to be given Plaintiff-Trustee's choice of forum are not clear, what is clear is that Plaintiff-Trustee's decision to file in the Lucas County Court of Common Pleas is a factor favoring permissive abstention and remand.

For all of these reasons, the court thus finds that the interests of judicial economy weigh against this court hearing the removed state court action.

Courts that have declined to abstain from hearing a matter under § 1334(c)(1) have focused on the extent to which core matters are present and intermingled with non-core matters, *Bavelis*, 453 B.R. at 884 (holding that a removed action's mixture of core and non-core matters does not weigh in favor of permissive abstention), whether permissive abstention would send the removed action to an entirely new court, *Meritage*, 474 B.R. at 573 (finding permissive abstention inappropriate where it would involve an entirely new court unfamiliar with the removed proceedings), and the involvement of multiple parties and possibility of duplicative, overlapping discovery. *Natl. Cent. Fin. Enters.*, 323 F.Supp.2d at 886 (holding permissive abstention inappropriate where the removed action involved consolidated cases, multiple parties, and overlapping discovery). The court finds that none of those concerns are present here. The removed action concerns purely non-core, state law claims, the litigation was originally commenced in the same state court where the removed action will be returned, and the action is a single case implicating only Plaintiff-Trustee, Debtor, and Defendant. Additionally, discovery is only in its earliest stages.

In sum, the court finds permissive abstention appropriate here because the removed state court action is only tenuously related to Debtor's Chapter 7 bankruptcy case, a case that is in its final stages. Further, the removed state court action is a non-core proceeding under § 157 that deals exclusively in Ohio law and Plaintiff-Trustee has demanded a jury trial. Accordingly, the court will abstain from hearing the removed state court action pursuant to 28 U.S.C. § 1334(c)(1).

## II. Equitable Remand

The court also finds that equitable remand is appropriate with regard to the removed state court action. Section 1452(b) provides that "[t]he court to which [a § 1452(a)] claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Equitable remand under § 1452(b), much like permissive abstention, requires that courts utilize a flexible, factor-based balancing test, the application of which "will vary with the particular circumstances of each case…." *Natl. Cent. Fin. Enters.*, 323 F.Supp.2d at 885. Factors include:

> (1) duplicative and uneconomical use of judicial resources in two forums, (2) prejudice to the involuntarily removed parties, (3) forum non conveniens, (4) the state court's ability to handle a suit involving questions of state law, (5) comity considerations, (6) lessened possibility of an inconsistent result and (7) the expertise of the court in which the matter was originally pending.

*Id.*; *Meritage*, 474 B.R. at 573; *Mann*, 253 B.R. at 214-15. "Permissive abstention under § 1334(c)(1) and equitable remand under § 1452(b) are essentially identical. The court's analysis, therefore, is essentially the same for both types of relief." *Mann*, 253 B.R. at 215; *see*, *Meritage*, 474 B.R. at 572; *Natl. Cent. Fin. Enters.*, 323 F.Supp.2d at 885; *Bavelis*, 453 B.R. at 884.

For many of the same reasons discussed with regards to permissive abstention, the court finds that equitable remand under § 1452(b) is appropriate here. First, the non-core nature of the removed state court action, Plaintiff-Trustee's demand for a jury trial, and the lack of consent by the parties regarding this court's entry of final orders and ability to conduct a jury trial would lead to the uneconomical use of judicial resources. Second, the Lucas County Court of Common Pleas, a state court of general jurisdiction, is well-suited to resolving the removed state court action given its familiarity with and routine application of state law. Third, the removed state court action is only distantly related to Debtor's bankruptcy case and bankruptcy law. Further, the court finds that the interests of comity support resolution of these issues by a state court in light of the removed action's dependence on state law. Accordingly, the court finds equitable remand of the removed state court action to be warranted.

In conclusion, the court finds it appropriate to abstain from further exercising federal jurisdiction over Plaintiff-Trustee's proceeding against Defendant under 28 U.S.C. § 1334(c)(1). Accordingly, the court will remand the removed case back to the Lucas County Court of Common Pleas pursuant to 28 U.S.C. § 1452(b).

THEREFORE, for the foregoing reasons, good cause appearing,

IT IS ORDERED that Plaintiff-Trustee's Motion for Remand and Abstention [Doc. #9] be, and hereby is, GRANTED. A separate order of abstention and remand shall issue consistent with this memorandum.